IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CAI ZHAO,

               Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,
             Defendants.

Case No.: 1:22-cv-937 (MSN/JFA)

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 6). Upon consideration of the motion and for the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

## I.    PROCEDURAL HISTORY

On August 17, 2022, Plaintiff Cai Zhao filed a complaint seeking judicial review of the denial of her naturalization application. *See generally* (Dkt. No. 1) (Compl.). On November 14, 2022, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim under Rule 12(b)(6). (Dkt. No. 6) ("Mot." or "Motion"); *see also* (Dkt. No. 7) ("Def. Mem."). On December 6, 2022, Defendants filed a Notice with the Court stating that Zhao failed to file an opposition to the Motion and the time for her to do so had passed. (Dkt. No. 9). On December 7, 2022, Zhao filed an opposition to the Motion (Dkt. No. 10) ("Opp.") as well as a response to Defendants' notice (Dkt. No. 11). The Court entered an order on December 7, 2022 deeming Zhao's Opposition to be timely filed. (Dkt. No. 12). Defendants submitted their Reply brief on December 13, 2022. Defendants waived a hearing on their motion, and the Court is satisfied that oral argument would not aid in the decisional process. Accordingly, this matter is ripe for resolution.

1

## II.    STATEMENT OF FACTS

Zhao is a citizen of the People's Republic of China. Compl. ¶ 20. She entered the United States in 2014 on a  tourist visa. *Id.* As part of her visa application, which Zhao alleges she submitted to the U.S. Consulate in Shanghai, China in April 2014, Zhao "provided false information of her address, employment and purpose of [her] trip." *Id.* ¶ 41. At the time she submitted the application, Zhao wanted to "find a way to escape from China as soon as possible" in order to avoid China's one-child policy. *Id.* ¶ 42. Zhao alleges that she was forced to have abortions, and she knows others who have been forcibly sterilized. *Id.* In order to escape this fate, Zhao alleges she "had no choice but to follow the travel agency's suggestions to use the false information in her visa application." *Id.* ¶ 46.

On August 19, 2014, Zhao submitted a Form I-589, Application for Asylum and Withholding of Removal. *Id.* ¶ 49. Zhao alleges that the Form I-589 was prepared by a "Ms. Lee." *Id.* In the Form I-589, Zhao provided a different address and employment than in her April 2014 application. *Id.* During her asylum interview, Zhao "honestly admitted that she had provided false information to the U.S. government" concerning "her employment, bank saving information[,] and [purpose] of visit" in her visa application, and that it was her intent to "travel to the U.S. to live in the U.S. and [to] hav[e] more than one child." *Id.* ¶¶ 49–50. Zhao was granted asylum on November 12, 2014. *Id.* ¶ 52.

On November 16, 2015, Zhao submitted a Form I-485, Application to Register Permanent Residence or Adjust Status, which Zhao alleges was prepared by a "Ms. Lee." *Id.* ¶¶ 27, 57. The I-485 form asked whether Zhao had, "by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit?," to which she answered "No." *Id.* ¶¶ 27, 58. Zhao acknowledges in her

Complaint, however, that she indeed "used false information in her previous visa application"—but she claims that her answer indicating "No" to this question was a mistake by Ms. Lee. *Id.* ¶ 58. Zhao also alleges that Ms. Lee failed to prepare a Form I-602—a form submitted to apply for a waiver of inadmissibility—on Zhao's behalf nor did Ms. Lee inform Zhao that she should file such a form. *Id.* On February 22, 2016, Zhao's Form I-485 was approved and she obtained legal permanent resident status. *Id.* ¶¶ 28, 59. Zhao alleges the USCIS adjudicator made no annotation on her I-485 application that her inadmissibility had been waived. *Id.* ¶ 59.

On December 6, 2019, Zhao submitted her Form N-400, Application for Naturalization ("N-400 Application"). *Id.* ¶ 29. The N-400 Application asked whether Zhao had provided false, fraudulent, or misleading information to "any U.S. Government officials" or whether she had ever lied to any U.S. Government official "to gain entry or admission into the United States or to gain immigration benefits while in the United States." *Id.* Zhao replied "No" to both of these questions. *Id.* When asked at her N-400 interview on October 19, 2020 whether she had provided any false or misleading statements to any government official in order to obtain an immigration benefit or visa, Zhao replied "No." *Id.* ¶¶ 31–32. Zhao alleges that her false representations resulted from "confus[ion] about what she had not disclosed due to lack of English proficiency." *Id.* ¶ 60.

Zhao's N-400 Application was denied by USCIS on September 3, 2021. *Id.* ¶ 35. Zhao then filed a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings and submitted an affidavit from Ms. Lee describing the discrepancy between Zhao's Form I-589 and Form I-485. *Id.* ¶ 36. At the N-336 hearing, Zhao "admitted that she did lie about the address, employment, and purpose of [the] trip" in her original visa application, which was submitted with "false supporting documents." *Id.* ¶ 37. Zhao also reiterated that she made these false statements

3

and provided false documents in order "to leave the U.S." and stated that "she would do anything to make it happen." *Id.*

On April 27, 2022, USCIS reaffirmed in part the decision to deny Zhao's N-400 application. *Id.* ¶ 38. USCIS concluded that Zhao had not been lawfully admitted for permanent residence because she made a fraudulent or willful misrepresentation in order to obtain her visa and that her inadmissibility had not been waived. *Id.* On August 17, 2022, Zhao filed a complaint in this action appealing the USCIS's decision. (Dkt. No. 1).

## III.   LEGAL STANDARD

This Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Nevertheless, a plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement," and "a formulaic recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A plaintiff's complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint"

and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

The Immigration and Nationality Act ("INA") provides for judicial review of the denial of a naturalization application. 8 U.S.C. § 1421(c). Courts review naturalization denials de novo. *Dung Phan v. Holder*, 667 F.3d 448, 451 (4th Cir. 2012). Courts, however, "have the power to confer citizenship only 'in strict compliance with the terms of an authorizing statute.'" *Cody v. Caterisano*, 631 F.3d 136, 142 (4th Cir. 2011) (quoting *Immigration & Naturalization Serv. v. Pangilinan*, 486 U.S. 875, 884 (1988)).

## IV.  ANALYSIS

The only question that needs to be addressed in order to resolve the Defendants' Motion to Dismiss is whether Zhao was lawfully admitted for permanent residence at the time her application was approved. To qualify for naturalization, an applicant must establish, *inter alia*, that she was "lawfully admitted for permanent residence." 8 U.S.C. § 1427(a); *see Injeti v. U.S. Citizenship & Immigration Servs.*, 737 F.3d 311, 315 (4th Cir. 2013). The INA defines "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20). To have been lawfully admitted as a permanent resident, Zhao's adjustment of status must have complied "with substantive legal requirements, not mere procedural regularity.'" *Injeti*, 737 F.3d at 315 (quoting *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003)). Indeed, the Fourth Circuit has held that to establish that a non-citizen was lawfully admitted for permanent residence, one "must . . . demonstrate that the grant of [permanent resident] status was in 'substantive compliance with the immigration laws.'" *Id.* (quoting *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010)). As such, a non-citizen who was granted lawful

permanent resident status "who was otherwise not entitled to it . . . has not been lawfully admitted." *Id.* at 316.

The INA establishes the requirements for adjusting to lawful permanent resident status. *See* 8 U.S.C. § 1159(b). An applicant must be "admissible . . . as an immigrant under this chapter at the time of examination for adjustment." *Id.* § 1159(b)(5). The INA provides several grounds for inadmissibility, including when a non-citizen "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." *Id.* § 1182(a)(6)(C)(i). Inadmissibility on this ground may be waived by the Secretary of Homeland Security or the Attorney General by filing a Form I-602 with the adjustment of status application. 8 C.F.R. § 1209.2(b). A USCIS adjudicator may also "grant a waiver without requiring submission of Form I-602" and the adjudicator "should indicate that the waiver has been granted by annotating and initialing the 'Remarks' section of the Form I-485 that the inadmissibility violation has been waived." Dkt. No. 7-1 (USCIS Memo) at 5–6.[1]

Here, Zhao was not lawfully admitted as a permanent resident because her conduct in seeking to procure, and in fact procuring, a visa by "willfully misrepresenting a material fact" rendered her inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). Zhao willfully misrepresented a fact. A willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i) "requires only that the alien deliberately and voluntarily misrepresented a material fact." *Xing Yang Yang v. Holder*, 770 F.3d 294, 302 n.11 (4th Cir. 2014); *see also id.* at 303 ("a misrepresentation is willful if it was deliberate

---

[1] Zhao discusses and summarizes the USCIS memorandum attached to Defendants' Motion to Dismiss in her Complaint. Compl. ¶ 50. Because Zhao has incorporated the document into her complaint, this Court may consider that memorandum when evaluating Defendants' Motion. *E.I. du Pont*, 637 F.3d at 448 ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents . . . incorporated into the complaint.").

and voluntary"). "Knowledge of the falsity of the representation" is "generally" enough to meet the standard. *Id.* at 303. Zhao states in her Complaint that when she submitted her tourist visa application to the U.S. Consulate in Shanghai, China, she "provided false information of her address, employment and purpose of [her] trip." *Id.* ¶ 41. She also states that she "follow[ed] the travel agency's suggestions to use the false information in her visa application" in order to avoid China's one-child policy. *Id.* ¶¶ 42, 46. The face of the Complaint makes clear that Zhao's misrepresentations were made "deliberately and voluntarily" and were therefore willful. *See Yang*, 770 F.3d at 302 n.11.[2]

Further, Zhao plainly acknowledges that she made these willful misrepresentations with the express purpose of obtaining a visa, admitting that she "use[d] the false information and documents" because she was "desperate[] to leave for the U.S. and she would do anything to make it happen." *Id.* ¶ 37. The Complaint therefore plainly demonstrates that Zhao willfully misrepresented information in order to "seek[] to procure . . . a visa." *See* 8 U.S.C. § 1182(a)(6)(C)(i).

Misrepresentations under this statutory bar must also be material to render a person inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(i). As discussed above, Zhao admits that she "use[d] the false information and documents" because she was "desperate[] to leave for the U.S. and she

---

[2]       Although Zhao does not contest that she made misrepresentations in order to procure a tourist visa, she argues that she did so because she wanted to escape China's one-child policy. *See, e.g.*, Compl. ¶¶ 42, 46; Opp. at 2 (arguing that Zhao "had no other choice back then but to follow the travel agency's instructions to use false information to ensure that she could escape from the one-child policy persecution [of] females in China at the earliest time"). While the Court is sympathetic to the circumstances faced by many who seek admission into the United States, a misrepresentation that is deliberate and voluntary—that is, where one has "[k]nowledge of the falsity of the representation"—is sufficient to make that a "willful" misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i). *Yang*, 770 F.3d at 303. The Fourth Circuit has not addressed whether there exists an exception to the "willfulness" of a misrepresentation when the misrepresentation is made under duress. The Court declines to hold that such an exception applies here, and notes that Defendants have identified caselaw outside this jurisdiction finding that there is no such exception. Def. Mem. at 9 (citing *Saliba v. Att'y Gen. of the United States*, 828 F.3d 182, 191 (3d Cir. 2016) (concluding that the willfulness of a misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i) "is not mitigated by external circumstances," including "duress, due to fear of war-time conditions" in plaintiff's home country)).

would do anything to make it happen." *Id.* ¶ 37. Zhao's misrepresentations were material because it had a natural tendency to influence the decision of immigration officials, and it shut off a line of inquiry relevant to her eligibility and that might have resulted in her exclusion from the country. *Injeti*, 737 F.3d at 316–17. Knowledge of the true reason for Zhao's desire to gain admission into the United States would undeniably have influenced the decision of immigration officials and shut off a relevant line of inquiry. Accordingly, because Zhao willfully misrepresented a material fact to procure a visa, Zhao was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) at the time of her adjustment of status.

Finally, Zhao's Complaint reflects that she did not obtain a waiver of inadmissibility. Zhao pleads that she did not submit a Form I-602 seeking a waiver of inadmissibility. Compl. ¶ 58. Nor did the USCIS adjudicator indicate on her application that the submission of Form I-602 was waived. *Id.*

Accordingly, accepting as true the factual allegations contained in the Complaint and drawing all reasonable inferences in Zhao's favor, the Court finds that Zhao has failed to state a claim for relief. The allegations in the Complaint make clear that Zhao was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) at the time of her adjustment of status, and that she did not obtain a waiver of inadmissibility.[3] Zhao therefore was not lawfully admitted for permanent residence in the United States.

## V.   CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss (Dkt. No. 6) in an Order to be issued with this Memorandum Opinion.

---

[3]   That Zhao later disclosed her false representations during her asylum interview is immaterial to the analysis here, as "asylum status does not eliminate, for the purposes of naturalization, the relevance of a[] [non-citizen's] prior illegal entry into the United States." *Eltayieb v. Taylor*, No. 1:16-cv-1206 (E.D. Va. June 26, 2017), ECF No. 30 at 6.

_____ /s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
May 10, 2023